UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTINA CAMPOS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-08-288 |
| | § | |
| NUECES COUNTY, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered the following nineteen motions:

1. Motion to dismiss by Pedro Cavazos, III, and Conrad Guzman (D.E. 45);

2. Motion to dismiss by Rebecca Bailey, Javier Cano, Jennifer Hartman, and Eduardo Nunez (D.E. 48);

3. Motion to dismiss by Donald Hatch (D.E. 103);

4. Motion to abate by Lorenzo Forge (D.E. 119);

5. Motion for judgment by Pedro Cavazos and Conrad Guzman (D.E. 123);

6. Motion to dismiss state tort claims by Nueces County, Texas (D.E. 132);

7. Motion for judgment by Carlotta Gonzalez (D.E. 150);

8. Motion for judgment by Tomas Gomez and Bruce Rushing (D.E. 151);

9. Motion for judgment by Rebecca Bailey, Javier Cano, and Eduardo Nunez (D.E. 156);

10. Motion for judgment by Bertha DeLeon (D.E. 157);

11. Amended motion for judgment by Pedro Cavazos and Conrad Guzman (D.E. 188);

12. Amended motion to dismiss by Donald Hatch (D.E. 189);

13. Amended motion for judgment by Rebecca Bailey, Javier Cano, Jennifer Hartman, and Eduardo Nunez (D.E. 204);

14. Motion for judgment by Christus Spohn Health Systems Corporation (D.E. 205);

15. Amended motion for judgment by Carlotta Gonzalez (D.E. 208);

16. Amended motion for judgment by Bertha DeLeon (D.E. 209);

17. Amended motion for judgment by Tomas Gomez and Bruce Rushing (D.E. 212);

18. Amended motion for judgment by Tomas Gomez and Bruce Rushing (D.E. 213); and

19. Unopposed motion for leave to file reply in support of Pedro Cavazos, III, and Conrad Guzman's motion for judgment (D.E. 216).

The Original Complaint in this action was filed on September 3, 2008. (D.E. 1.) Plaintiffs filed the operative Third Amended Complaint on November 24, 2009. (D.E. 187.) Plaintiffs' Third Amended Complaint adds numerous factual allegations that render moot all motions to dismiss and motions for judgment on the pleadings brought before November 24, 2009. (D.E. 187.) Accordingly, this Court TERMINATES AS MOOT the following eight motions:

1. Motion to dismiss by Pedro Cavazos, III, and Conrad Guzman (D.E. 45);

2. Motion to dismiss by Rebecca Bailey, Javier Cano, Jennifer Hartman, and Eduardo Nunez (D.E. 48);

3. Motion to dismiss by Donald Hatch (D.E. 103);

4. Motion for judgment by Pedro Cavazos and Conrad Guzman (D.E. 123);

5. Motion for judgment by Carlotta Gonzalez (D.E. 150);

6. Motion for judgment by Tomas Gomez and Bruce Rushing (D.E. 151);

7. Motion for judgment by Rebecca Bailey, Javier Cano, and Eduardo Nunez (D.E. 156); and

8. Motion for judgment by Bertha DeLeon (D.E. 157).

After the Third Amended Complaint was filed, Defendants Tomas Gomez and Bruce Rushing filed two amended motions for judgment on the pleadings. (D.E. 212, 213.) These motions are duplicative. This Court hereby TERMINATES AS MOOT the first of these two duplicative motions. (D.E. 212.) The Court will consider the second motion for judgment on the pleadings on its merits. (D.E. 213.)

Lorenzo Forge brings a motion to abate this civil action until "the criminal proceedings [against Mr. Forge] are fully and finally resolved." (D.E. 119 p. 3.) Magistrate Judge Ellington's Memorandum and Recommendation addressed Mr. Forge's motion to abate and recommends that this Court deny the motion. (D.E. 144.) This Court adopts the reasoning in the Memorandum and Recommendation and hereby DENIES Mr. Forge's motion to abate. (D.E. 119.)

The motion to dismiss state tort claims by Nueces County, Texas is also denied. (D.E. 132.) The Texas Tort Claims Act waives government immunity in tort actions for "personal injury and death so caused by a condition or use of tangible personal or real property if the government unit would, were it a private person, be liable to the claimant according to Texas law." <u>Tex. Civ. Prac. & Rem. Code</u> § 101.021. The Fifth Circuit has interpreted this waiver to occur when (1) property is directly used by a state actor when the injury occurred, or (2) property was actually defective, even if the property was used by a non-state actor when the injury occurred. <u>Forgan v. Howard County</u>, 494 F.3d 518, 521 (5th Cir. 2007). Plaintiffs allege that the transport chains used on Mr. Garcia "were defective" (D.E. 135) and that the chains were a device used directly on Mr. Garcia by state actors "giving him access to another device that could be used to kill himself." (D.E. 175 p. 13-14, 22-24.) The Court finds Plaintiffs' allegations sufficient to defeat a motion

to dismiss and hereby DENIES Defendant's Nueces County's motion to dismiss. (D.E. 132.)

Subsequent to the filing of the Third Amended Complaint, eight additional motions to dismiss and motions for judgment on the pleadings were filed. This Court finds that Plaintiffs have sufficiently pled sufficient facts for these motions to be denied. Thus, this Court hereby DENIES the following seven motions:

1. Amended motion for judgment by Pedro Cavazos and Conrad Guzman (D.E. 188)[1];

2. Amended motion to dismiss by Donald Hatch (D.E. 189);

3. Amended motion for judgment by Rebecca Bailey, Javier Cano, Jennifer Hartman, and Eduardo Nunez (D.E. 204);

4. Motion for judgment by Christus Spohn Health Systems Corporation (D.E. 205);

5. Amended motion for judgment by Carlotta Gonzalez (D.E. 208);

6. Amended motion for judgment by Bertha DeLeon (D.E. 209); and

7. Amended motion for judgment by Tomas Gomez and Bruce Rushing (D.E. 213).

SIGNED and ORDERED this 14th day of January, 2010.

_____
Janis Graham Jack
United States District Judge

---

[1] After Plaintiff's response, Defendants Pedro Cavazos, III, and Conrad Guzman filed an unopposed motion for leave to reply. (D.E. 216.) This Court grants Defendants' motion for leave to reply and has taken Defendants' reply into consideration for this Order.